Reese, J.
delivered the opinion of the court.'
The question mainly discussed in this case, and upon the ground of which the plaintiff in error seeks a reversal of the judgment below, is whether the concluding words of the first section of the act of 1821, ch. 66, commonly called the “champerty act,” shall be so construed as to make the meaning of the entire section to be, that an adverse possession at the time of making the deed, covenant or agreement shall create a presumption of champerty as to such deed, covenant or agreement which shall stand only until the parties to such deed, covenant or agreement shall show that as between themselves the conveyance or contract to convey was fair and bona fide. Such construction would be in direct conflict with the policy of the statute and with the express words of the enacting clause, which provides that when the vendor or those under whom he claims shall not have been in actual possession at the time of such sale, &c. and for one whole year before, such sale, bargain, grant, &c. “shall be utterly void.” But it occurred to the framers of the law that at that time there was much granted land in Tennessee of which no person was in “actual possession” or receiving rents or profits, and in such case the first proviso enacts that one claiming title may bargain, sell or mortgage, there being no adverse possession at the time, and that in all cases sales at execution may proceed as formerly. Again; it occurred to the framers of the law that much of the uncultivated land in Tennessee was held by non-resident claimants, the sale of which to actual settlers it was the policy of the State to encourage and not to obstruct, and they provide that the act shall not be so construed as to prevent a sale by such person, if the land be not adversely held and possessed at the time. But apprehending that cases might arise, by virtue of these provisions, tending to weaken the force and obstruct the policy of the statute, and that in many cases the actual settler who was sued in ejectment might, from the difficulty of showing dates as to the commencement of the *458 possession or of the true time of making the deed or covenant, be unable to show champerty, although it in fact existed, they make a general provision that if one not having possession of land shall sell, &c. champerty shall be presumed until such purchaser shall show such sale, was bona fide made; that is, bona fide not merely as between themselves, but with reference to the policy and provisions of the champerty act. This he may show by proving that at the date of the deed perhaps there was no actual adverse possession at all, or although apparently and in fact adverse, the person in possession was estopped in law to deny the title and possession of the vendor because derived from him. By showing this the purchaser would show the sale to be bona fide with reference to the general provisions of the cham-perty act. But to hold that these few last words of the section have the meaning contended for would make all the provisions, not only of the enacting clause but of the provisos, useless and absurd. We affirm the judgment.